## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Mr. and Mrs. O on her own behalf, | : | Civil Action No. 3:20-cv-00690 |
| and as Next Friends of J.O., | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| Glastonbury Board of Education | : | |
| | : | |
| Defendant | : | July 13, 2020 |

### <u>REPORT OF PARTIES' PLANNING MEETING</u>

Date Complaint Filed:                           May 18, 2020

Date Service Waived:                           May 27, 2020

Date Defendant's Appearances filed:       May 29, 2020

J.O. ("Plaintiff" or the "Student") and the Glastonbury Board of Education ("Defendant" or the "Board") hereby submit this Report of Parties' Planning Meeting pursuant to Fed. R. Civ. P. 26(f).  The parties' attorneys communicated via email pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. Local Civil Rule 16 and 26(f).  The participants were Attorney Courtney P. Spencer for the Plaintiff and Attorney Peter Murphy for the Defendant.  The attorneys had prior e-mail communications and subsequent e-mail communications regarding the 26(f) report.  The law firm of Sexton & Company has just recently been retained in this matter by the Parents as well, and they plan to file appearances tomorrow.  Attorney Sexton has reviewed the contents of this report prior to filing.

### I.     <u>Certification</u>

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have

1

developed the following proposed case management plan.  Counsel further certify that they have

forwarded a copy of this report to their clients.

II.      **Jurisdiction**

     A.      **Subject matter Jurisdiction**

The Plaintiff's claims arise under, and are authorized by federal and state law, including

the IDEA.  Jurisdiction is conferred on this court by 20 U.S.C. §§1415(i)(2) and (3), as well as

28 U.S.C. §1331.

     B.      **Personal Jurisdiction**

Neither party contests the Court's personal jurisdiction.

III.     **Brief Description of Case**

The Plaintiff's appeal stems from a April 21, 2020 decision (the "Final Decision")

rendered by a State of Connecticut Department of Education Hearing Officer following a due

process hearing brought by the Plaintiffs pursuant to the IDEA, specifically 20 U.S.C.

§1415(i)(2)and 32 C.F.R. 300, as well as Conn. Gen. Stat. §10-76h(d)(4) and Conn. Gen. Stat.

§4-183.  A copy of the Final Decision is attached as Appendix A to the Plaintiff's Complaint.

The due process hearing commenced on June 28, 2019, and continued over the course of

seven additional hearing dates through February 12, 2020.  Following the hearing, the parties

each filed briefs.  The Hearing Officer issued her Final Decision and Order on April 21, 2020,

ruling that the Board offered an appropriate program from January 30, 2019, for the remainder of

the 2018-2019 school year.  The instant appeal followed.

     A.      **Claims of Plaintiff:**

The Plaintiff seeks reversal of the Hearing Officer's April 21, 2020 decision as contrary

to and violative of established law and erroneous in light of the preponderance of evidence on the

whole record.  The Plaintiff contends that by way of the Final Decision the Hearing Officer erred as matter of law in finding that the Board's proposed programs for the Student for the 2018-2019 school year was appropriate.  The Hearing Officer erroneously applied a standard of law, legal analysis, data, testimony and evidence when holding that the Board's 2018-2019 IEP adequately fulfilled IDEA's substantive requirements.  The finding that the 2018-2019 IEP was appropriate was clearly erroneous.

Throughout the Hearing Officer's decision, testimonial and evidentiary documents were not considered or addressed and therefore the ultimate decision is erroneous and arbitrary.  The Hearing Officer relied on retrospective testimony and attempted to make a deficient IEP appropriate through her decision, which ultimately renders her decision erroneous.  When looking at this student's educational and medical profile and looking at the IEP the Board developed, she could not find the program proposed was appropriate and therefore had to rely on speculative and retrospective evidence.  The Second Circuit has held that such a reliance on retrospective evidence is wholly inappropriate.  See *R.E v. N.Y. Dep't of Educ*. 694 F.3d 167 (2d Cir. 2012).  Further, the Hearing Officer erroneously and arbitrarily determined that the Pride program was the least restrictive environment, ignored clear evidence of pre-determination, and erroneously did not take into consideration this student's medical and educational needs. Therefore, the Hearing Officer's decision was both arbitrary and erroneous and should be reversed.

Further, while the Hearing Officer did not evaluate the appropriateness of Meliora for J.O., Meliora is the appropriate placement for this student and is providing an educational program that allows him to safely progress socially, emotionally and academically in all areas of need.  Meliora is a state approved special education school that provides a transdisciplinary and

3

language based approach to their programming.  J.O has showed significant progress through Meliora's programming and continues to require this level of services in order to access his education.  Therefore, Meliora should be awarded as the appropriate placement for this student.

Further, and most importantly, this is a severely cognitively impaired, medically fragile student whose life will be at significant risk if he is forced to attend the public school in a classroom of at least ten students.

**B.      Defenses and Claims of Defendants:**

The Hearing Officer's Final Decision was twenty-one pages long, contained 73 paragraphs of factual findings, and made detailed conclusions of law on the procedural and substantive claims raised by the Parents.  The Hearing Officer's conclusions were amply supported by the evidence presented over seven hearing dates, and there is simply no basis on which the Hearing Officer's decision can be reversed or vacated.

As noted in the text of the Final Decision, the Student and his family moved to Glastonbury in August 2018, just before the start of the 2018-2019 school year.  At that time, the Student had been attending Meliora Academy, a private, special education school in Connecticut, through August 2018; the Student's prior school district had developed an IEP ending the Student's placement at Meliora Academy and starting in an in-district program at the start of the 2018-2019 school year.  In a PPT meeting hastily scheduled upon the Student's registration in Glastonbury, the PPT agreed to permit the Student to remain at Meliora, pending the completion of comprehensive evaluations by the Board.  Promptly thereafter, the Board conducted an extensive, multidisciplinary evaluation of the Student, and also received input from the Parents and the Student's doctors.  Based on all of the information presented, the PPT offered a program within the Glastonbury Public Schools for the Student.  The Hearing Officer found that Board's

program was appropriate, but the Parents have now challenged that finding in this lawsuit. Under the applicable "stay put" rules, *see* 20 U.S.C. § 1415(j); the Student stays at Meliora during the pendency of this proceeding.  As a further result of this proceeding, the parties' obligations for the 19-20 and 20-21 school year remain unsettled, and the Board is forced to continue to use public funds on a private placement that the Hearing Officer found was not necessary for the Student to receive a free appropriate public education.  Therefore, the Board respectfully requests that this case receive an expedited proceeding in this Court, and that the Hearing Officer's findings be affirmed in such a proceeding.

**IV.**   **Statement of Undisputed Facts:**

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute.  The parties state that the following material facts are undisputed:

1.   The Student has been identified as a child with a disability who requires special education and related services under the IDEA.  His eligibility category is OHI. J.O. has been diagnosed with Noonan Syndrome, developmental delays, cardiomyopathy, autism, apraxia, intellectual disability, low tone, ADHD and respiratory conditions.

2.   At all relevant times, the Board was the local education agency responsible for providing the Student with special education and related services under IDEA.

3.   The Student's family resides in Glastonbury, Connecticut.

4.   On April 10, 2019, the Student filed a request for due process with the Connecticut State Department of Education.

5.   Hearing Officer Ann Bird was assigned as the hearing officer.

6.      The hearing took place over seven hearing dates.

7.      The Hearing Officer held that the Board offered an appropriate program for the 2018-2019 school year, from January 30, 2019 forward.

**V.      Case Management Plan:**

**A.      Standing Order on Scheduling in Civil Cases**

The parties request modification of the Court's Order on Pre-Trial Deadlines:

Amended Pleadings due by:  July 17, 2020.

Answer due:  July 24, 2020.

**B.      Scheduling Conference with the Court**

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

**C.      Early Settlement Conference**

1.      The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant motion practice.  At this time, the parties do not believe settlement is possible and may be enhanced by an early settlement conference.

2.      The parties do not request an early settlement conference.

3.      The parties prefer a settlement conference with a magistrate judge, when applicable.

4.      The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

    **D.**    <u>**Joinder of Parties and Amendment of Pleadings**</u>

    The parties do not anticipate that additional parties will be joined, or that the complaints in either of the Parties' respective appeals will be further amended. Any proposed amendment shall be governed by the provisions of Fed. R. Civ. P. 15(a)(2).

    **E.**    <u>**Discovery**</u>

    The parties do not anticipate any discovery in these Appeals.

    **F.**    <u>**Dispositive Motions**</u>

    The Parties believe that this case should be decided solely on briefing and the Administrative Record.  The parties agree that Rule 56(a) statements are not necessary.  The Parties shall address any challenges to the Hearing Officer's factual findings within their Motion for Judgment.  The parties submit the following scheduling proposal:

    1.    Parents file their brief on September 30, 2020.

    2.    Board files its brief on October 30, 2020.

    3.    Parents file any reply brief by November 13, 2020.

    **G.**    **Joint Trial Memorandum**

    This is an administrative appeal, and, therefore, the submission of a joint trial memorandum is not required.

    **I.**    **Trial Readiness**

    This is an administrative appeal that should be decided on the basis of the record and there is no need for a trial.

    As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

PLAINTIFF


By */s/ Courtney P. Spencer*
Courtney P. Spencer
Federal Bar No. ct22288
Law Office of Courtney P. Spencer, LLC
100 Riverview Center, Suite 120
Middletown, CT 06457
Telephone: (860) 430-5380
Facsimile: (860) 430-5382
courtney@courtneyspencerlaw.com



THE DEFENDANT,
Glastonbury Board of Education


By ___*/s/ Peter J. Murphy*___
Peter J. Murphy
Federal Bar No. ct26825
For Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT  06103-1919
Telephone: (860) 25l-5950
Facsimile:  (860) 251-5316
pjmurphy@goodwin.com
Its Attorney

## CERTIFICATION OF SERVICE

This is to certify that on July 13, 2020 a copy of the foregoing Report of the Parties'

Planning Meeting was filed electronically and served by mail on anyone unable to accept

electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the

Court's electronic filing system or by mail to anyone unable to accept electronic filing as

indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's

CM/ECF System.


                                       /s/ Peter J. Murphy
                                        Peter J. Murphy